UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC ANH NGUYEN,<br><br>                        Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA JO BONDI, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>                        Respondents. | Case No.: 25cv2792-LL-VET<br><br>**(1) ORDER GRANTING PETITIONER'S MOTION TO APPOINT COUNSEL**<br>[ECF No. 2]<br><br>**(2) ORDER SETTING BRIEFING SCHEDULE FOR PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

      Pending before the Court are Petitioner Quoc Anh Nguyen's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1], Motion for Temporary Restraining Order [ECF No. 3], and Motion for Appointment of Counsel [ECF No. 2].

      Petitioner is a citizen of Vietnam and when he came to the United States as a refugee in 1982 with his parents and brothers, he became a lawful permanent resident. ECF No. 1 at 3. Sometime between 2007 and 2011 he was convicted of possibly check fraud and

burglary. *Id.* He was subsequently ordered removed on March 13, 2007, and spent three or four months in immigration detention while ICE attempted to remove him. *Id.* ICE then released Petitioner because he could not be removed to Vietnam. *Id.* Petitioner complied with all check-in appointments and did not commit any crimes for the next eighteen years. *Id.* On April 14, 2025, ICE arrested and detained Petitioner at his check-in appointment. *Id.* at 2–3.

Petitioner alleges the following claims for relief: (1) ICE failed to comply with its own regulations regarding re-detaining a person following a period of release, 8 C.F.R. §§ 241.4(l), 241.13(i), violating his rights under the Fifth Amendment and the Administrative Procedures Act; (2) his detention violates the statute authorizing detention, 8 U.S.C. § 1231, and *Zadvydas v. Davis*, 533 U.S. 678 (2001), which holds that certain immigrants must be released if there is 'no significant likelihood of removal in the reasonably foreseeable future'"; and (3) ICE may not remove Petitioner to a third country without adequate notice and an opportunity to be heard pursuant to the Fifth Amendment's Due Process Clause, the Convention Against Torture, and implementing regulations. *Id.* at 9–20.

## I.   MOTION FOR APPOINTMENT OF COUNSEL

Petitioner moves for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B), which allows a district court to provide counsel for any financially eligible person seeking habeas relief under § 2241 when "the interests of justice so require." ECF No. 2 at 2–3. "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner attests that he cannot afford to hire an attorney and does not have the legal education or training to litigate a habeas petition involving immigration laws. ECF No. 1 at 27 (¶¶ 10–11). Federal Defenders of San Diego, Inc. assisted Petitioner with his Petition and motions and is ready and able to represent him. ECF No. 2 at 1 & n.1, 2; ECF No. 1 at

1 n.1. Having carefully considered the arguments raised in Petitioner's Motion and Petition, the Court finds it appropriate to appoint counsel in this case pursuant to 18 U.S.C. § 3006A(a)(2)(B). Accordingly, the Court **GRANTS** Petitioner's Motion and **APPOINTS** Federal Defenders of San Diego, Inc. to represent him.

## II.   MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner seeks a temporary restraining order ("TRO") to preserve the status quo while he litigates his claims by (1) reinstating Petitioner's release on supervision, and (2) prohibiting the government from removing him to a third country without an opportunity to file a motion to reopen with an immigration judge. ECF No. 3 at 2. Petitioner further claims that "ICE's own policies allow ICE to remove him to a third country never before considered by an IJ, with either 6-to-24 hours' notice or no notice at all." *Id.*

The Court finds it appropriate to set a briefing schedule on the Motion for TRO. Additionally, the Court finds it necessary to order a limited stay pursuant to the All Writs Act, 28 U.S.C. § 1651, to preserve the status quo until the Court can provide a reasoned decision on the pending Motion for TRO, in order to avoid any potential jurisdictional problems if Petitioner is removed from this district.[1] *See E-C-R- v. Noem*, No. 3:25-CV-1230-SI, 2025 WL 2300543, at *1 & n.1 (D. Or. July 16, 2025) ("Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo." (collecting cases)).

Accordingly, the Court **ORDERS** the following:

1.   Respondents shall file any response to the Motion for TRO by **October 28, 2025 at 4:30 p.m.**

2.   Petitioner may file a reply by **October 30, 2025 at 4:30 p.m.**

---

[1] Under the All Writs Act, "all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

     3.     Following briefing, the Court will notify the parties if a hearing is warranted.

     4.     Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing Petitioner from the United States or this District pending further order of the Court, to maintain the status quo to allow the Court to provide a reasoned decision to the Motion for TRO.

     5.     The Clerk of Court shall transmit a copy of this Order, the Petition [ECF No. 1], and the Motion for Temporary Restraining Order [ECF No. 3] to the U.S. Attorney's Office for the Southern District of California.

**IT IS SO ORDERED**.

Dated:  October 21, 2025

_____
Honorable Linda Lopez
United States District Judge